IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Edwina Moyer, | ) | C.A. No.: 3:13-cv-3127-CMC-WWD[1] |
| | ) | |
| Plaintiff, | ) | OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| SCANA Corportation d/b/a SCE&G | ) | |
| Wateree Station Generating Plant, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motions (1) to dismiss and strike, ECF No. 7, and (2) for sanctions, ECF No. 10. For the reasons set forth below, the motion to dismiss and strike is granted, and the motion for sanctions is denied without prejudice.[2]

**PROCEDURAL BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), D.S.C., this matter was referred to United States Magistrate Judge Wallace Dixon for pre-trial proceedings and a Report and Recommendation ("Report"). On July 28, 2014, the Magistrate Judge issued a Report recommending that Defendant's motion to dismiss be granted to the extent the complaint purported to assert claims under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"). ECF No. 18 at 3-4 (recommending dismissal of such claims under Fed. R. Civ. P. 12(b)(1) because Plaintiff's administrative claim referred only to age

---

[1] The civil action number has been modified to reflect the change in venue and judicial assignment. This modified number should be used on future filings.

[2] Defendant also moved for a divisional change of venue in ECF No. 7. That aspect of the motion was resolved by earlier order transferring this matter to the Columbia Division of this court and is not addressed in this order.

discrimination).³ The Report also recommended that Defendant's motion for sanctions be denied without prejudice. *Id*. at 5 (addressing sanctions motion as follows: "Last of all, it is recommended that the Defendant's motion for sanctions be denied with leave to refile at a later date if necessary."). In addition, the Report noted that Plaintiff had agreed to withdraw her prayer for punitive damages and had indicated that she intended to amend the complaint to name the correct entity as employer. *Id.* notes 1, 3. Finally, the Report recommended that a request to amend included in Plaintiff's response to Defendant's motion to dismiss be denied to the extent deemed a motion to amend the complaint. *Id.* n.4 (noting, inter alia, that the request was not a proper motion to amend because it failed to attach a proposed amended complaint).

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff did not file any objections. Defendant objected only to the Report's failure to address its arguments for dismissal of Plaintiff's second cause of action for breach of contract. ECF No. 19 (incorporating and attaching its earlier memoranda, ECF Nos. 7, 13). Plaintiff did not respond to Defendant's objections.

**STANDARD**

With respect to dispositive motions, the Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is

---

³ The complaint asserts two claims. The first is captioned as a claim for violation of the Age Discrimination in Employment Act but includes multiple references to Title VII. The second paragraph of the complaint also refers to Section 1981. The second claim is captioned as a breach of contract claim and relies on language contained in an employee handbook.

2

charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (internal citation omitted).

## DISCUSSION

**Title VII, Section 1981, and Punitive Damages Demand.** There is no objection to the recommendation that any claim arising under Title VII or Section 1981 be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The court has, therefore, reviewed this recommendation for clear error. Finding none, the court dismisses any such claim arguably advanced by the complaint.

As to the demand for punitive damages, the Report states that "Plaintiff has agreed to withdraw her prayer for punitive damages." ECF No. 18 at 1. Plaintiff's actual statement was that she "will concede to striking her request for punitive damages." ECF No. 11 at 8. The court, therefore, strikes Plaintiff's prayer for punitive damages.

**Sanctions.** As there is no objection to the recommendation that Defendant's motion for sanctions be denied without prejudice, the court has reviewed that recommendation for clear error.

3

Finding none, the court adopts this recommendation and denies the motion for sanctions without prejudice.

**Amendment of Pleadings**. The court also agrees that Plaintiff has, to this point, failed to assert a proper motion to amend. The court, therefore, denies leave to amend without prejudice to consideration of a proper motion to amend at a later time, for instance to cure the apparent error in naming the parent corporation rather than Plaintiff's actual employer.[4]

**Contract Claim.** Defendant is correct that the Report fails to address its motion to dismiss Plaintiff's second cause of action. This breach of contract claim is founded on allegations that Defendant created a contract through mandatory language in an employee handbook. Defendant asks the court either to recommit the matter to the Magistrate Judge for supplemental recommendations or to address this aspect of the motion to dismiss without a further Report. The court takes the latter course in the interest of advancing this matter without further delay.

As Defendant notes in its memoranda supporting the motion to dismiss, the complaint fails to identify any specific mandatory language in the employee handbook that Defendant allegedly breached. ECF No. 7 at 6-9; ECF No. 13 at 2-3. Plaintiff's memorandum in opposition to Defendant's motion, contains the following statement of fact relevant to her contract claim:

> On or about February 9, 1998, the Plaintiff, and the Defendant . . . entered into a contract whereby the Defendant employed the Plaintiff to begin work at that time as a full time employee. The Defendant's handbook uses mandatory language creating a contractual agreement between the Plaintiff and the Defendant for employment. At all times the Plaintiff, who was sixty-six (66) years old, was effective and efficient in her work.

---

[4] Plaintiff is reminded that both the local rules of this court and judicial filing preferences impose specific formatting requirements including that filed documents be double spaced. The original complaint is not in compliance with these requirements.

ECF No. 11 at 1. Plaintiff's subsequent discussion of her breach of contract claim consists primarily of a summary of South Carolina law regarding the circumstances under which an employee handbook may provide a basis for asserting a breach of contract claim. *Id.* at 5-8. Plaintiff's only discussion specific to this case is as follows:

> The Plaintiff's complaint states that the Plaintiff entered into an employment contract whereby the Defendant agreed to employ the Plaintiff on or about February 9, 1998. When the Defendant wrongfully terminated the Plaintiff due to her age and in retaliation for her complaints of discrimination, the Defendant breached that contract by discriminating against Plaintiff.
>
> * * *
>
> The Plaintiff was expected to perform her duties. Even if the employment agreement does not constitute a written agreement, it did not have to be in writing to meet the Statute of Frauds requirements.
>
> The Plaintiff signed various documents, which were retained by the Defendant. Once discovery is initiated, the Plaintiff will have the opportunity to review those documents and determine whatever [sic] the cause of action can stand out or not.
>
> Here, whether the handbook and employment documents created a contract is a jury question. Therefore, the Defendant's motion to dismiss should be denied by this Court.

ECF No. 11 at 7-9.

Neither these arguments nor any language in the complaint identify a single specific mandatory provision of the handbook allegedly breached by any alleged action of Defendant. At best, Plaintiff's arguments suggest the possibility that discovery might provide Plaintiff with a basis for a claim.[5] This is hardly sufficient to withstand scrutiny under Rule 12(b)(6) of the Federal Rules

---

[5] Plaintiff did not file a response to Defendant's objection. The court, therefore, draws Plaintiff's position from the complaint and Plaintiff's memorandum in opposition to Defendant's motion to dismiss.

5

of Civil Procedure. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding court need only accept as true the complaint's *factual* allegations, not its legal conclusions); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (holding plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."). The court, therefore, grants Defendant's motion to dismiss the contract claim for failure to state a claim. This dismissal is without prejudice to future amendment should Plaintiff develop a proper factual and legal basis for such a claim.

## CONCLUSION

For the reasons set forth above, the court adopts the Report as to all recommendations made and, therefore, pursuant to Fed. R. Civ. P. 12(b)(1), dismisses any Title VII or Section 1981 claim which may be asserted, strikes Plaintiff's prayer for punitive damages, denies Defendant's motion for sanctions without prejudice, and denies Plaintiff's request for leave to amend to the extent that request may be construed as a motion to amend. In addition, the court grants Defendant's motion to dismiss Plaintiff's contract claim. Dismissal of the contract claim and denial of the motion to amend are without prejudice.

Because a claim for violation of the Age Discrimination in Employment Act remains, the court again refers the matter to the Magistrate Judge for further pretrial proceedings. If Plaintiff intends to file a motion to amend to correct the name of the Defendant or to cure other currently known deficiencies, she shall do so within twenty-eight (28) days of entry of this order.

IT IS SO ORDERED.

    s/ Cameron McGowan Currie  
    CAMERON MCGOWAN CURRIE  
    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
September 10, 2014